IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MARCOS ISAIAS GONZALEZ RIVERA,  §
§
Petitioner,  §
§
v.  §  1:26-CV-1751-RP
§
MARKWAYNE MULLIN, *in his official capacity as*  §
*Secretary, U.S. Department of Homeland Security,* et al.,  §
§
Respondents.  §

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Marcos Isaias Gonzalez Rivera's ("Petitioner") Petition for

Writ of Habeas Corpus under 28 U.S.C. § 2241, filed on June 29, 2026. (Dkt. 1). On July 14, 2026,

pursuant to 28 U.S.C. § 2243, the Court ordered Respondents to show cause within three days as to

why the petition should not be granted. (Dkt. 10). On July 20, 2026, Miguel Vergara, David J.

Venturella, Markwayne Mullin, and Todd Blanche (collectively, "Respondents")[1] filed a timely

response in opposition, (Dkt. 11). Petitioner filed a reply. (Dkt. 12). Having considered the parties'

arguments, the evidence presented, and the relevant law, the Court will grant Petitioner's Petition for

Writ of Habeas Corpus.

## I. BACKGROUND

Petitioner, a twenty-four-year-old citizen of Honduras, is currently detained at the T. Don

Hutto Detention Center located in Taylor, Texas. (Pet., Dkt. 1, at 1). According to Respondents,

Petitioner was issued a Notice to Appear on February 12, 2019 "after an asylum officer determined

he had a credible fear of persecution or torture" and released into the interior of the United States

---

[1] The Response is filed only on behalf of the federal employees in this action. (Resp., Dkt. 11, at 1 n.1).

1

on an order of recognizance on or about March 21, 2019. (Resp., Dkt. 11, at 2). Petitioner was

detained by Respondents on Friday, June 19, 2026 after a traffic stop. (Reply, Dkt. 12, at 4).

Respondents assert that Petitioner is subject to mandatory detention under 8 U.S.C.

§ 1225(b)(2). (Resp., Dkt. 11, at 3).[2] Petitioner alleges that he is entitled to a writ because his

detention without legal justification and without a chance to seek redetermination of his custody

status violates his rights to substantive and procedural due process guaranteed by the Fifth

Amendment, among other arguments. (Pet., Dkt. 1, at 6).

## II. DISCUSSION

### A. Administrative Exhaustion

To the extent an administrative exhaustion requirement would normally apply in this

situation, "[b]ecause Respondents argue the detention of Petitioner is mandatory, claiming no one,

including the [immigration judge], can review the detention issue, any attempt to require Petitioner

to exhaust any administrative remedies [would be] futile." *Lorenzo C. P., v. Noem*, No. 1:25-CV-181,

2025 WL 3684859, at *5 (S.D. Tex. Oct. 31, 2025); *see also Shi v. Lyons*, No. 1:25-CV-274, -- F. Supp.

3d --, 2025 WL 3637288, at *4 n.6 (S.D. Tex. Dec. 12, 2025) (holding that administrative exhaustion

would be futile in light of *Matter of Yajure Hurtado*). Respondents argue that Petitioner must exhaust

his remedies by seeking a bond determination from the immigration court. (Resp., Dkt. 11, at 20).

But Respondents simultaneously contend that Petitioner is subject to mandatory detention without a

bond hearing. (*Id.* at 1, 10). By Respondents' own interpretation of 8 U.S.C. § 1225 in *Matter of Yajure*

*Hurtado*, Petitioner's exhaustion of administrative remedies would be futile.

---

[2] Respondents argue that Petitioner is subject to detention under 8 U.S.C. § 1225(b)(2), (Resp., Dkt. 11, at 1, 10), although they refer to 8 U.S.C. § 1225(b)(1) while referencing another district court's opinion. (Resp., Dkt. 11, at 2). The Court proceeds with the due process analysis pertaining to 8 U.S.C. § 1225(b)(2), as this is the detention authority under which Respondents are detaining Petitioner.

### B.  Petitioner's Petition for Writ of Habeas Corpus

This Court previously interpreted 8 U.S.C. § 1225(b)(2) as not applying to noncitizens like Petitioner who has been residing in the country for years, as opposed to a noncitizen present in the United States who has recently arrived and is actively seeking admission. *See, e.g.*, *Guzman v. Bondi*, --- F. Supp. 3d ---, No. 1:25-CV-2055-RP, 2025 WL 3724465 (W.D. Tex. Dec. 23, 2025). This interpretation was recently rejected by a Fifth Circuit panel. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). *Buenrostro-Mendez* addressed only statutory interpretation. By contrast, it did not examine whether Petitioner's ongoing detention without access to a bond hearing violates the Constitution. *Id.*[3] As such, the Court turns to Petitioner's independent claim for release under the Due Process Clause.

"Freedom from imprisonment – from government custody, detention, or other forms of physical restraint – lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). Noncitizens are entitled to due process of the law under the Fifth Amendment. *Trump v. J. G. G.*, 604 U.S. 670, 673 (2025); *Demore v. Kim*, 538 U.S. 510, 523 (2003).

Contrary to Respondents' argument, (Resp., Dkt. 11, at 14), "*Thuraissigiam* does not foreclose [Petitioner's] due process claims." *Ochoa v. Vergara*, --- F. Supp. 3d ---, No. 1:26-CV-266-RP, 2026 WL 482211, at *2 (W.D. Tex. Feb. 20, 2026) (quoting *Hernandez-Fernandez v. Lyons*, No. 5:25-CV-00773-JKP, 2025 WL 2976923, at *7 (W.D. Tex. Oct. 21, 2025)). There are "two key points of distinction between *Thuraissigiam* and [Petitioner's] case." *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 682 (W.D. Tex. 2025). First, unlike the petitioner in *Thuraissigiam*, Petitioner does not challenge the

---

[3] Indeed, the Government's counsel stated during oral argument: "We have one issue before the Court now: the statutory question. . . . There's not, in other words, a due process claim here." Oral Argument, *Buenrostro-Mendez v. Bondi,* No. 25-20496, at 44:56–45:11 (5th Cir. Feb. 3, 2026), *available at* https://www.ca5.uscourts.gov/OralArgRecordings/25/25-20496_2-3-2026.mp3.

admission process in any way or assert a right to remain in the United States. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020) ("For these reasons, an alien in respondent's position has only those rights regarding *admission* that Congress has provided by statute.") (emphasis added). Petitioner "merely seeks a chance to apply for release . . . [and] [n]othing in *Thuraissigiam* suggests [he] lacks such a due process right." *Hernandez-Fernandez*, 2025 WL 2976923, at *8. A "second key point of distinction is that Thuraissigiam was stopped by Border Patrol 'within twenty-five yards of the border,' immediately detained, and never released." *Id.* By contrast, Petitioner has lived in the United States for approximately seven years prior to his detention. (Pet., Dkt. 1, at 2). For constitutional purposes, Petitioner's time living in the United States differentiates him from the petitioner in *Thuraissigiam* because "the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. "Th[is] distinction between an alien who has effected an entry into the United States and one who has never entered runs throughout immigration law."[4] *Id.*

Because Petitioner validly makes a due process argument, the Court will address whether Petitioner has succeeded on his procedural due process claim under *Mathews v. Eldridge*, 424 U.S. 319 (1976). "To determine whether a civil detention violates a detainee's due process rights, courts apply the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976)." *Martinez v. Noem*, No. 5:25-CV-1007-JKP, 2025 WL 2598379, at *2 (W.D. Tex. Sept. 8, 2025). Those factors are: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the

---

[4] *See also Mendoza v. Noem*, No. 5:26-CV-728-JKP, Dkt. 9, at *12 (W.D. Tex. Feb. 26, 2026) (quoting *Martinez v. Noem*, No. EP-25-CV-430-KC, 2025 WL 2965859, at *4 (W.D. Tex. Oct. 21, 2025)). ("Further, even in circumstances like those here—lacking a prior detention, release, and re-detention—noncitizens already in the country who have 'established a life here—albeit without authorization,' possess 'a strong liberty interest in their freedom from detention.'").

fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

All three *Mathews* factors weigh in Petitioner's favor. First, "[b]ecause he spent [approximately seven years] at liberty in the United States, [Petitioner] possesses a cognizable interest in his freedom from detention." *Hernandez-Fernandez v. Lyons*, No. 5:25-CV-00773-JKP, 2025 WL 2976923, at *9 (W.D. Tex. Oct. 21, 2025). Moreover, especially given that Respondents released Petitioner and permitted him to live in the United States for a substantial period after his entry in 2019, "they cannot revoke that liberty without an individualized determination of the need to do so." *Hassen*, 2026 WL 446506, at *2. This interest "deserves great weight and gravity." *Vieira v. De Anda-Ybarra*, No. EP-25-CV-00432-DB, 2025 WL 2937880, at *6 (W.D. Tex. Oct. 16, 2025) (citations omitted).

The second factor—the risk of erroneous deprivation—also weighs strongly in favor of Petitioner. Petitioner lacks any opportunity to contest the reasonableness of his detention, meaning the risk of erroneous deprivation lies in this "automatic continued deprivation of liberty for a noncitizen." *Id.* at *7. As to the third factor, "Respondents, of course, have a generalized interest in ensuring noncitizens appear for their removal hearings and do not pose a risk to the communities in which they live." *Id.* at *6. "In any event, if such concerns exist, they would be squarely addressed" at a bond hearing. *Lopez-Arevelo*, 801 F. Supp. 3d at 687. Regardless, the government "conducted [bond hearings] for decades until its reinterpretation of the law earlier this year," reducing any purported interest in ceasing to hold meaningful bond hearings. *Id.* (citations omitted). As such, all three factors favor Petitioner, and the Court finds that Petitioner's detention without any opportunity to challenge his detention through a bond hearing violates the Due Process Clause.

Federal district courts in Texas, including this Court, have likewise found that similar instances of detention violated a Petitioner's right to procedural due process. *See, e.g.*, *id.*; *Ochoa*, ---F.

Supp. 3d ---, No. 1:26-CV-266-RP, 2026 WL 482211, at *2–4; *Vieira*, 2025 WL 2937880, at *7 ("In sum, Section 1225(b)(2) as applied to Petitioner violates his Fifth Amendment Due Process rights."); *Martinez v. Noem*, No. EP-25-CV-430-KC, 2025 WL 2965859, at *3 (W.D. Tex. Oct. 21, 2025) ("[T]he Court does not reach the statutory interpretation question because, assuming without finding that the Government's new interpretation is correct, [petitioner] is entitled to due process and succeeds in his as-applied challenge."); *Ortega-Aguirre v. Noem*, No. 4:25-CV-04332, 2025 WL 3684697, at *3 (S.D. Tex. Oct. 10, 2025) ("Here, the Court finds that Petitioner is likely to prevail on the merits of his due process claim because he 'has been detained since August of 2025 without any individualized assessment of flight risk or dangerousness.'"); *Cordova v. Noem*, No. 3:26-CV-97-K-BN, 2026 WL 218938, at *3 (N.D. Tex. Jan. 28, 2026) ("[T]he Court holds that denying Petitioner a bond hearing under § 1225(b)(2) deprives him of procedural due process protections under the Fifth Amendment."); *Camacho-Gutierrez v. Thompson*, No. 5:25-CV-01876-MA, 2026 WL 195758, at *5 (W.D. Tex. Jan. 16, 2026) ("[T]he Court finds that Petitioner's detention without any notice or an individualized assessment deprives her of the constitutional right to procedural due process"); *Hernandez-Fernandez v. Lyons*, No. 5:25-CV-00773-JKP, 2025 WL 2976923, at *10 (W.D. Tex. Oct. 21, 2025) (finding "that detaining [petitioner] without any individualized assessment of his flight risk and dangerousness deprives him of his constitutional right to procedural due process," and collecting cases); *George v. Noem*, No. 3:25-CV-2935-S-BW, 2025 WL 3852946, at *4 (N.D. Tex. Dec. 19, 2025), *report and recommendation adopted*, No. 3:25-CV-02935-S-BW, 2026 WL 30829 (N.D. Tex. Jan. 5, 2026) ("[D]etaining [petitioner] without a bond hearing violates his Fifth Amendment rights.").

Federal district courts in Texas have also made this finding subsequent to the Fifth Circuit issuing its opinion in *Buenrostro-Mendez*. *See, e.g.*, *Hassen*, 2026 WL 446506, at *2 & n.1 (holding that *Buenrostro-Mendez* "does not change this case's outcome on procedural due process grounds");

*Clemente Ceballos v. Garite*, No. EP-26-CV-00312-DB, 2026 WL 446509, at \*2 & n.2 (W.D. Tex. Feb. 10, 2026) (same); *Marceau v. Noem*, No. EP-26-CV-237-KC, 2026 WL 368953 (W.D. Tex. Feb. 9, 2026) ("The Court's conclusion is not changed by the Fifth Circuit's recent decision in *Buenrostro-Mendez . . . Buenrostro-Mendez* has no bearing on this Court's determination of whether [petitioner] is being detained in violation of [his] constitutional right to procedural due process."); *Mendoza v. Noem*, No. 5:26-CV-728-JKP, Dkt. 9, at \*7 (W.D. Tex. Feb. 26, 2026) (holding that *Buenrostro-Mendez* "only addresses a statutory claim" and "did not address and does not preclude consideration of constitutional and other claims"). This Court agrees with the Due Process Clause analysis in the above cases, and finding a constitutional violation, it need not reach the other issues briefed by the parties.

Turning to relief, in habeas cases where the Court finds an ongoing detention unlawful, "the typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). "In recent months, courts across the country have ordered the release of detainees in similar situations." *Moctezuma v. Henkey*, No. 1:25-CV-00741-BLW, 2026 WL 18809, at \*5 (D. Idaho Jan. 2, 2026) (ordering immediate release and collecting cases across jurisdictions); *Cruz-Reyes v. Bondi*, 5:26-CV-60, 2026 WL 332315, at \*13 (S.D. Tex. Feb. 3, 2026) ("[D]ue process concerns weigh heavily in favor of granting immediate release."); *Santiago v. Noem*, No. EP-25-CV-361, 2025 WL 2792588, at \*13−14 (W.D. Tex. Oct. 2, 2025) (collecting cases and finding that "immediate release appropriately remedies Respondents' violation of [Petitioner's] due process rights through her continued detention."); *Mendoza v. Noem*, No. 5:26-CV-728-JKP, Dkt. 9, at \*16–18 (W.D. Tex. Feb. 26, 2026) (quoting *Rodriguez-Acurio v. Almodovar*, --- F. Supp. 3d ---, No. 2:25-CV-6065 (NJC), 2025 WL 3314420, at \*31 (E.D.N.Y. Nov. 28, 2025)) (explaining, after finding a due process violation, that release is the proper remedy rather than a bond hearing because "a post-deprivation bond hearing before a DHS officer or even an immigration judge would provide no genuine opportunity to relief

7

because the detention without adequate pre-deprivation procedures has already been carried out."). The Court agrees that the appropriate remedy for unlawful detention is release and will order Petitioner's immediate release.

### III. CONCLUSION

The foregoing order constitutes the Court's findings of fact and conclusions of law. For the reasons discussed above, **IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus is **GRANTED** as follows. All relief not granted is **DENIED**.

1. Upon receipt of this order, Respondents shall <u>immediately</u> release Petitioner from custody;

2. Respondents shall release Petitioner under conditions no more restrictive than those in place prior to the detention at issue in this case, and shall return Petitioner's identification documents and possessions upon his release;

3. As soon as is practicable, and no less than two hours before release, Respondents shall notify Petitioner's counsel by email[5] of the exact location and time of Petitioner's release;

4. Respondents are enjoined from further detaining Petitioner without first conducting a bond hearing, scheduled with notice to Petitioner's attorneys and set at a date agreed upon by both parties. At such a hearing, Respondents bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Petitioner's detention.

---

[5] Margie Stephanie Lazo, lazomargie.law@gmail.com

**IT IS FINALLY ORDERED** that Respondents shall provide a status report **on or before**

**July 22, 2026,** detailing their compliance with this Order.

**SIGNED** on July 21, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE